Our final case of the day is United States v. Neville. Mr. Hesler.  The two things I would like to discuss today are whether Ruth was correct in concluding that state offenses that are broader than the federal control... We have declined countless invitations to change that. You may have a position to take to the Supreme Court, but it's, I would say, a waste of breath to make an argument that's been rejected over and over and over in this circuit. It's the old college try. I understand. I have a serious burden here. My two topics would be whether Ruth was correct and, secondly, whether Ruth should be revisited given that it's an existing precedent. Those topics are intertwined. If this court doesn't agree with me that Ruth was incorrect, then there's obviously... To say that we're not overruling Ruth is not to say whether it was correct or not. It's just to say the Seventh Circuit's policy is not to move restlessly from one side of a conflict to the other. There is an institution that will resolve this question. It's the Sentencing Commission. They've issued a set of proposals in the current amendment cycle, which does not include addressing the Ruth question. Maybe you can persuade them to put it on their agenda for next year. Actually, it does. Actually, it includes Sentencing Commission's proposals do address this, but they have option one and option two. And option one... I'm being... Yes. I'm trying to be as... But somehow they're going to resolve it this year, but they may not make it retroactive, which means it's still relevant to Mr. Neville. We don't know if they'll make it retroactive, and we don't know what they'll decide. And my fundamental argument is that when 4B1.2 was first put into place, everything about the phrases controlled substance offense, and in particular controlled substance, was explicitly tied to the Controlled Substances Act. And although those explicit references to the Controlled Substances Act were removed a few years later, the phrase controlled substance stayed constant. And the Sentencing Commission gave zero indication whatsoever that the changes that they did make were intended to change the meaning of what was considered to be a controlled substance. And I'm going to... Since I'm kind of hearing what the Court's saying... Well, let me give you a different angle. Sure. I understand your legal argument based on the text of the language, but we're talking here about advisory guidelines in the end, right? Yes, we are. Okay, so imagine I'm a district judge, as both Judge Lee and I used to be, trying to decide about sentencing. The difference at issue here is the difference between a law that covers lots of variations on cocaine and one that covers all of those plus positional isomers, right? Correct. Okay. And in Ruth, at least, there was an affidavit from a DEA chemist that said he'd analyzed over 50,000 cocaine samples and never identified any positional isomers of cocaine in that career of just actual practice. I don't know if you have any statistics about how often Illinois has prosecuted people for positional isomers of cocaine. I have none. Okay. So, I've got a defendant in front of me who has committed a current federal crime and has a background of Illinois cocaine convictions. Correct. Why does the possibility, what sounds like a very, very slim possibility, that he might have committed that Illinois cocaine violation with a positional isomer, why does that matter to me? Under 3553A. Under 3553A, it matters because the guidelines are one factor that has to be taken into account. If we had an administrative agency that based a policy decision on the kind of highly remote and almost utterly irrelevant possibility that I'm talking about here, we would have little trouble concluding that it acted arbitrarily and capriciously. Okay. I'll submit that as my hypothesis. So, why should I care as a sentencing judge about this possibility? Again, you have to take into account the guidelines and the Supreme Court has said in calculating these guidelines, we use this categorical approach. And this court has said that Illinois cocaine's laws are broader than the federal laws and, therefore, they do not fit within that federal definition. And that part of Ruth I'm not challenging. And so, what we're left with is the question that we're at here. And the other question, if I can take it there, is the question of when the sentencing commission changed some aspects of 4B1.2, but at the same time kept some language unchanged, should the unchanged language be interpreted purely in the context of the resulting amended guideline? Or should it be interpreted in the light of the contextual clues that were present when the unchanged language was originally introduced? And if you think about this question, this is spot on similar to the issue addressed in the United States versus Jackson. And I think the court's familiar with this, but in the Jackson case, the Congress amended 3582C2, and they wound up with a statute that said, in all cases, an inmate could ask a district court for compassionate release. And looked at in isolation, it simply said, in all cases, and there was nothing in the resulting statute that said, subject to the limitations that were imposed by the legislation that created the sentencing guidelines. But what this court said was that amending a statute wasn't the same as repealing it, and that enacting a new statute, in fact, this court said, nor would such an argument be tenable. And so this court held that the statute had to be read with the original meaning of, in all cases, in mind. So the Jackson court held that the meaning of a preexisting phrase didn't necessarily come from the text looked at in isolation. It came from looking at it historically. So Jackson and Ruth are fundamentally at odds. One of them's wrong, and it's my position that Jackson's right. Ruth, on the contrary, says, if the history is not mentioned in the current version, just read the words in isolation. So there is a consistency problem in that if this court would prefer to just stick with holding of Ruth, there is an issue to be addressed there. I think I'm going to reserve my remaining time for rebuttal, if there is any. Certainly, counsel. Thank you. Mr. Kerwin. Good afternoon, and may it please the court. Brian Kerwin on behalf of the United States. Your Honors, the district court properly applied the career offender guideline at sentencing in this case. As this court first held in Ruth and has held multiple times since, the guidelines definition of controlled substance offense plainly includes both federal and state law offenses, including the specific cocaine offense at issue here. Ruth has been reaffirmed on multiple occasions, as Judge Easterbrook alluded to, including very recently in United States v. Ramirez, where this court surveyed some of the intervening decisions of its sister circuits and found further support for the position that it reached several years ago in Ruth. Between Ruth and Ramirez, this court has already considered and rejected each of the primary arguments that defendant makes on appeal today. That includes the legislative history arguments, the arguments concerning the Jerome presumption. And as this court and the majority of circuits to have addressed the question have held, the plain language and the unambiguous language of the guideline Is this question pending in the Supreme Court? It appears to be, even within this circuit, quite a few appeals raising this argument. You'd expect one or two of them to have reached the Supreme Court. I know they haven't granted review in any of these cases. Are they pending? I don't know if they are pending, Judge. What I know is what Ramirez reports in terms of the Supreme Court's reasoning for declining, accepting the issue, and that's that the Sentencing Commission is acting this term and endeavoring to resolve the split. And as Mr. Hessler alluded to, there are two competing definitions of controlled substance that are on the table and out for public comment at the moment. We don't know how that ultimately will be resolved, but one can anticipate that there may be a change coming effective in November. In terms of the law itself, it's, as I've said, well settled in this circuit. The majority of other circuits to have addressed it come out the same way. This court is on the majority side of the circuit split, and there's no compelling reason to revisit Ruth. I'd just comment briefly on Mr. Hessler's citation to the Jackson case and point out that that's a very different circumstance where in the Sentencing Reform Act there was a modifier that is a transition provision that put those subsections into effect for any case occurring in 1987 or later. So the use of in any case in the modification and the compassionate release context is necessarily modified by that other provision. There's nothing like that here. And so unless the panel has any additional questions for the government, I'd ask that the court reaffirm Ruth and affirm the sentence imposed by the district court. Thanks. Thank you, Mr. Kerwin. Anything further, Mr. Hessler? Briefly. The point of Jackson was that the result, the amended statute that the Congress wound up with didn't say anything about the previous law that affected it. Nevertheless, this court said we've got to look at that, and that's exactly the same situation that Ruth faced. And yes, it's true that Ruth is now on the majority side of things, but part of that is because Ruth decided what it decided. So it's having an effect, and that means that this court should be more careful rather than less. And finally, I'm not criticizing anybody, but I think that the parties in Ruth did not pay a whole lot of attention to this issue. They were focused on the first question. And so this court in Ruth wasn't given the argument that I'm making now. So I'm suggesting that this is essentially something new. If there's any further questions? I see none. Thank you very much. This case is taken under advisement.